**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCENT XZAVIER DELEON,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY PRETRIAL OFFICERS, et al.,<br><br>Defendants. | Case No. 1:26-cv-01985 JLT SAB<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN DEFENDANTS, AND DIRECTING THE CLERK OF COURT TO UPDATE THE DOCKET<br><br>(Doc. 13) |

Vincent DeLeon, a pre-trial detainee, seeks to hold the defendants liable for violations of his civil rights. (*See generally* Doc. 6.) The magistrate judge screened Plaintiff's amended complaint and found that he stated "a cognizable claim against Defendants Morgan Dunham, Gonzalez, C. Maldonado, and Reyes for deliberate indifference in violation of the Eighth Amendment." (Doc. 7 at 4; *see also id.* at 2-3.) The magistrate judge found Plaintiff did not state a claim against Sergeant Vaquero and Deputy San Miguel because Plaintiff did "not allege[] any personal involvement in the alleged violation, beyond their mere status" as supervisors. (*Id.* at 3.) Although granted further leave to amend, Plaintiff did not file a second amended complaint.

The magistrate judge issued Findings and Recommendations, incorporating the findings of the Screening Order and recommending "the dismissal of Defendants Celeste Vaquero and senior deputy San Miguel as Plaintiff failed to state a cognizable claim against these Defendants." (Doc. 13 at 1-2.)

Plaintiff filed timely objections to the Findings and Recommendations, asserting that the Court should find he states a cognizable claim against all defendants, including Vaquero and San Miguel. (Doc. 14 at 1-2.) He contends San Miguel and Vaquero "should be held accountable as they are the leaders on [the] shift and … giving [orders] that failed on this day to protect" Plaintiff and others housed in the protective custody unit. (*Id.* at 1; *see also id.* at 2.) In support of this assertion, Plaintiff filed a "field case report" regarding the underlying riot incident at the Lerdo Pre-Trial facility. (*Id.* at 3-4.)

The Ninth Circuit explained, "[t]here is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). Liability under section 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980)). Plaintiff does not identify allegations in the FAC that support a conclusion that Vaquero and San Miguel were personally involved in the underlying incident or knew of constitutional violations by their subordinates and failed to act to protect Plaintiff. It appears any further leave to amend would be futile, because Plaintiff also does not identify any new allegations in his objections.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the record supports a finding that Plaintiff states a cognizable claim against Defendants Dunham, Gonzalez, C. Maldonado, and Reyes. However, both the Screening Order and the Findings and Recommendations refer to a claim under the Eighth Amendment, which Plaintiff invoked his FAC. (*See* Doc. 6 at 4-5; *see also* Doc. 7 at 4; Doc. 13 at 1.) As a pretrial detainee, Plaintiff's claims regarding "the conditions and circumstances" for his confinement "are properly addressed under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment's protection against cruel and unusual punishment." *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). Given Plaintiff's status as a pro se litigant, the Court will construe his Eighth Amendment claim in the FAC as a claim under the Fourteenth Amendment. *See Laigo v. King County*, 829 Fed. App'x 232, 233 (9th Cir. 2020) ("Because Laigo is a pro se prisoner, we liberally construe his pleadings as though they *had*

properly alleged Fourteenth Amendment violations") (emphasis in original). As the magistrate judge determined, the allegations are sufficient to state a claim for deliberate indifference/failure to protect under the Fourteenth Amendment against defendants Dunham, Gonzalez, Maldonado, and Reyes. (*See* Doc. 7 at 3.) Thus, the Court **ORDERS**:

1. The Findings and Recommendation filed on July 2, 2026 (Doc. 59), are **ADOPTED IN PART**.
2. Plaintiff's Eighth Amendment claim in the First Amended Complaint (Doc. 6) is **CONSTRUED** as a claim under the Fourteenth Amendment.
3. The action **SHALL** proceed only with Plaintiff's construed Fourteenth Amendment deliberate indifference claim against Defendants Morgan Dunham, Gonzalez, C. Maldonado, and Reyes.
4. All other defendants named in the First Amended Complaint are **DISMISSED** with prejudice, for failure to state a claim.
5. The Clerk of Court is directed to update the docket to identify the individuals named as defendants.

IT IS SO ORDERED.

Dated: September 2, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE